UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Rosmond, et al., | Civil File No. 12-CV-02000 (DSD/JSM) |
| Plaintiffs, | |
| v. | |
| Minneapolis Pipe Fitters Joint Apprenticeship Training Committee (JATC) and Pipe Fitters Local Union 539, | |
| Defendants. | |
| | **JOINT MEMORANDUM IN SUPPORT OF PARTIES' MOTION FOR FINAL SETTLEMENT APPROVAL** |
| Pipe Fitters Local Union 539, | |
| Third-Party Plaintiff, | |
| v. | |
| Minnesota Mechanical Contractors Association, Inc., | |
| Third-Party Defendant. | |

**AND**

| | |
|---|---|
| Paul K. Lamuren, | Civil File No. 12- CV-2205(DWF/JJG) |
| Plaintiff, | |
| v. | |
| Minneapolis Pipe Fitters Joint Apprenticeship Training Committee, et al. | |
| Defendants. | |

# INTRODUCTION

Named Plaintiffs Christopher Rosmond, Jan-Michael Vaughn, Abdifatah Keynan, Alexander Krivetz, Umberto Rivera and Curtis Montgomery, on behalf of themselves and all similarly-situated individuals (<u>Rosmond</u> Named Plaintiffs), and Paul Lamuren (collectively, Plaintiffs) jointly with Defendants Minneapolis Pipe Fitters Joint Apprenticeship Training Committee (JATC) and Pipe Fitters Local Union 539 (collectively, Defendants), seek final approval of a proposed settlement of this class action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 through 2000e-17 (Title VII) and 42 U.S.C. § 1981 (§ 1981), which alleges that Defendants JATC and Pipe Fitters Local Union 539 engaged in race and national original discrimination by the procedures used to select pipe fitter apprentices.

The parties engaged in extensive arm's-length negotiations and a mediation session on December 3, 2012, facilitated by mediator Robert Reinhart. (Mem. for Prelim. Settlement Approval, ECF No. 25 at p. 9.) During the mediation, the Parties reached a settlement of $850,000.00 and a general agreement regarding equitable relief. (<u>Id.</u>) Following the mediation, the Parties entered into a Settlement Agreement. (Settlement Agreement, ECF No. 26-1.)

The parties then jointly moved for consolidation and preliminary settlement approval. (ECF Nos. 23 and 30.) On July 25, 2013, Your Honor issued an Order consolidating the <u>Rosmond</u> and <u>Lamuren</u> cases, certifying the Rule 23 class for settlement purposes and preliminarily approving settlement. (ECF Nos. 34, 35.)

Consistent with the Order, Plaintiffs distributed notice of settlement to the Class Members. (Declaration of Megan I. Brennan ("Brennan Decl.") at ¶ 8.)

The parties now move for final approval of settlement. The proposed settlement secures for Class Members monetary compensation and has been well-received, garnering **no** objections. (Id. at ¶¶ 21, 22.) The settlement is fair, reasonable, and adequate and, as such, should be finally approved for distribution.[1]

### RELEVANT BACKGROUND

The Parties hereby incorporate by reference the "Procedural and Factual History" set forth in their preliminary approval papers (Mem. for Prelim. Settlement Approval, ECF No. 25 at pp. 3-15) and provide below a detailed account of case activity that followed this Court's July 25, 2013 Orders.

**A.    NOTICE OF SETTLEMENT.**

Plaintiffs obtained the EEOC's file pursuant to a FOIA request. (Id. at p. 8.) It contained, among other things, electronic spreadsheets entitled "Supplementary Data, 081012.xls", provided by the JATC, with names, race, test scores (composite and SLE), ranking (if applicable), reason for denial, date of denials from the apprenticeship program, and the applicants' last known addresses. (Id.; Brennan Decl. at ¶ 5.) The JATC represented that this was the most complete and accurate information in its

---

[1] Contemporaneously with this Memorandum, Plaintiffs' Counsel have filed a separate application for attorneys' fees, costs, and service awards and payments for certain Class Members. Defendants do not oppose this application. (Settlement Agreement, ECF No. 26-1 at pp. 15-16 ¶ 8.) The proposed order submitted with this Motion addresses final approval, as well as the application for fees, costs, and service awards and payments for certain Class Members.

3

possession regarding such information. (Mem. for Prelim. Settlement Approval, ECF No. 25 at p. 8.) The parties worked together to verify which individuals on the list fell within the class definition. (Brennan Decl. at ¶ 6; Declaration of Brendan D. Cummins ("Cummins Decl.") ¶ 3; Declaration of Bradley J. Lindeman ("Lindeman Decl.") ¶ 3.) Following preliminary settlement approval, Plaintiffs' Counsel verified and updated each applicant's address by using online publicly accessible databases and information provided to Plaintiffs' Counsel by Class Members. (Brennan Decl. at ¶ 7.)[2] Pursuant to the Court's Order and parties' settlement agreement, Plaintiffs' Counsel then mailed the Court-approved Class Action Settlement Notice and Claim Form and Release ("Notice") to all 111 Class Members on August 1, 2013. (Id. at ¶ 8.)

Additionally, Defendants' Counsel provided Plaintiffs' Counsel with Class Members' last known telephone numbers, to the extent that they had such information. (Brennan Decl. at ¶ 9; Cummins Decl. ¶ 4; Lindeman Decl. ¶ 3.) Also, Plaintiffs' Counsel had telephone numbers and emails, which had been provided directly to Plaintiffs' Counsel from certain Class Members. (Brennan Decl. at ¶ 10.) Plaintiffs' Counsel used their best efforts to call and/or email the Class Members for whom they had phone and/or email information in order to verify the person received the Notice. (Id. at ¶ 11.)

Over the course of the notice period, the Notice for 23 individuals came back to Plaintiffs' Counsel as undeliverable. (Id. at ¶ 12.) For all returned mail, Plaintiffs'

---

[2] References to "Plaintiffs' Counsel" throughout this Memorandum refer to Plaintiffs' counsel of record, as well as support staff working at Plaintiffs' Counsel's law firm.

Counsel conducted a search for the most recent address.  (Id. at ¶ 13.)  If the search yielded a new address, Plaintiffs' Counsel mailed the Notice to the most recent address.  (Id. at ¶ 14.)  Even though Plaintiffs' Counsel was not required to continue to mail the Notice for returned mail after 30 days of the postmarked date of the original Notice (Settlement Agreement, ECF No. 26-1 at ¶ 5(a)(ii)), it did so up until September 5, 2013.  (Id. at ¶ 15.)  Of these 23 individuals, Plaintiffs' Counsel was able to locate or obtain alternate addresses for, and re-mail Notice to, 18 individuals.  (Id. at ¶ 16.)   Of those 18 individuals, 8 were valid addresses for the Class Members, 2 came back to Plaintiffs' Counsel as undeliverable (and Plaintiffs' Counsel could not find any additional potential addresses for them) and the remainder were re-mailed, but never confirmed as whether they were received by the Class Members.  (Id. at ¶ 17.)

Additionally, 16 claim forms were initially returned incomplete or deficient.  (Id. at ¶ 18.)  Plaintiffs' Counsel contacted each of these individuals and obtained completed claim forms for all of them by the deadline.  (Id. at ¶ 19.)

**B.   PARTICIPATING CLASS MEMBERS.**

Plaintiffs' Counsel's efforts, as described above, have yielded the following statistics: **A total of 63 individuals (or approximately 58% of the certified class) have submitted complete Claim Forms received on or before September 30, 2013.**  (Brennan Decl. at ¶ 20.)[3]  The names of these individuals are contained in Exhibit 1.  The

---

[3] One individual returned a completed claim form, but did not fall within the class definition given that he indicated on his claim form, and subsequently verified, that he was a Caucasian American.  (Id.)  Thus, he is not included in this figure.  Another

5

names of the Class Members who did not return completed claim forms by the deadline are contained in Exhibit 2.

C.  **OBJECTIONS TO SETTLEMENT.**

The Notice also provided recipients with information on their right to object to the settlement, or give notice of, their intent to appear at the final approval hearing on this settlement.  (Settlement Agreement, ECF No. 26-1 at Exhibit A, pp. 3, 9-10.)  The Notice also informed recipients that any objections were to be received by Counsel by the end of the notice period (i.e., by September 30, 2013).  (Id. at Exhibit A, p. 9)  To date, Counsel has received **no** objections or requests to appear at the final approval hearing.  (Brennan Decl. at ¶ 22; Cummins Decl. ¶ 5; Lindeman Decl. ¶ 4.)

D.  **PROPOSED DISTRIBUTIONS FROM SETTLEMENT FUND.**

Pursuant to the parties' settlement agreement, Plaintiffs' Counsel calculated a final allocation of settlement amounts for all Participating Class Members, which has been adopted by Defendants as their settlement offer.  (Brennan Decl. at ¶ 23; Ex. 1[4].)  Should the Court grant final approval of this settlement, the amount each class member will receive from the $850,000.00 settlement will be consistent with this final allocation.

## ARGUMENT

The Court has already granted preliminary approval of the settlement.  Notice of the settlement has been distributed in accordance with the Court's Order, and the Class

---

individual identified himself as a Caucasian American and also indicated that regardless, he wished to decline involvement in the settlement.  (Id.)

[4] Attached to the Declaration of Megan I. Brennan submitted in connection with this Memorandum.

Members have responded favorably. This Court should grant final approval of the settlement.

**A.  THE COURT SHOULD APPROVE THE SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE.**

In determining whether to approve a class settlement, a court must consider whether the settlement is fair, reasonable, and adequate. <u>In re Airline Ticket Com'n Antitrust Litigation</u>, 953 F. Supp. 280, 282 (D. Minn. 1997) (quoting <u>Van Horn v. Trickey</u>, 840 F.2d 604, 606 (8th Cir. 1988)). These standards are examined through four criteria: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. <u>Id.</u>

The parties' arguments as to the first three of these factors and the facts upon which they are based hold true now, as they did at the preliminary approval stage, and are incorporated herein by reference. (Mem. for Prelim. Settlement Approval, ECF No. 25 at pp. 28-36.)

As to the fourth factor—the amount of opposition to the settlement—as discussed above, to date, the parties have received **no** objections to the settlement. (<u>See supra</u> at p. 3.) Not a single class member has objected to the settlement amount, manner of distribution, terms, or to the proposed award of attorneys' fees, costs, settlement administration reimbursement, or service awards and payments for certain Class Members. <u>Id.</u> This factor, therefore, indisputably weighs in favor of final settlement approval.

## CONCLUSION

For all of the reasons set forth above, the parties respectfully request the Court: (1) grant final settlement approval; (2) approve the proposed settlement allocation plan; and (3) dismiss this case with prejudice.

Dated: October 16, 2013                             s/Megan I. Brennan
                                                    Steven Andrew Smith (#260836)
                                                    Megan I. Brennan (#386550)
                                                    Nichols Kaster, PLLP
                                                    80 South Eighth Street
                                                    4600 IDS Center
                                                    Minneapolis, MN 55402-2242
                                                    Telephone: (612) 256-3200

                                                    *Attorneys for Plaintiffs*

Dated: October 16, 2013                             s/Brendan D. Cummins
                                                    Brendan D. Cummins (#276236)
                                                    Cummins & Cummins, LLP
                                                    1245 International Centre
                                                    920 Second Avenue South
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 465-0108

                                                    *Attorney for Defendant Pipe Fitters Local Union 539*

| | |
|---|---|
| Dated:  <u>October 16, 2013</u> | <u>s/Jacalyn N. Chinander</u><br>Bradley J. Lindeman (#298116)<br>Jacalyn N. Chinander (#0388266)<br>Meagher & Geer, PLLP<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN  55402<br>Telephone:  (612) 338-0661<br><br>***Attorneys for Defendant Minneapolis Pipe Fitters Joint Apprenticeship Training Committee*** |